SHAVER *v.* JOHNSON.

5-2331                                              343 S. W. 2d 105

Opinion delivered February 20, 1961.

*Chas. F. Cole,* for appellant.

*Gus Causbie,* for appellee.

Sam Robinson, Associate Justice. The title to certain real estate in Sharp County is involved in this appeal. Appellees, Allie Mae Johnson and Christine Patterson, daughters of S. L. and H. B. Shaver, and Willene Yant, granddaughter of the Shavers, filed this suit alleging they are heirs at law of S. L. Shaver, who died in 1926, and his wife, H. B. Shaver, who died in August, 1957; that as heirs of the Shavers and grantees in a deed from H. B. Shaver, they are the owners of certain described land; that defendant, George V. Shaver, the brother of Allie Mae Johnson and Christine Patterson, and who is also an heir, is plowing up pasture land involved, tearing down fences and doing other acts of trespass and that he should be enjoined from committing such acts; and that the land should be partitioned between the owners.

On the 10th day of July, 1954, Mrs. H. B. Shaver executed a deed naming Allie Mae Johnson, Christine Patterson, Willene Yant and George V. Shaver as grantees. One of the issues in the case is whether this deed was ever delivered by the grantor. The chancellor held that there was no delivery of the deed, and appellees have appealed on that point. We cannot say the chancellor's decision was against the preponderance of the evidence. It is clear from the evidence that this deed was made by Mrs. Shaver for the purpose of giving her granddaughter, Willene Yant, an equal share in the property, and the deed would have accomplished that purpose if there had been a delivery, but there was no delivery. After the deed was executed it was delivered to Mr. Eagle Street, who kept it, along with abstracts and other papers belonging to Mrs. Shaver. Subsequently Mrs. Shaver executed a deed to 40 acres of the property to Joseph F. Doyle and Frances M. Doyle. It does not appear that any of Mrs. Shaver's children or her granddaughter at that time protested that she did not have a perfect right to convey the property. Later she gave a deed to 67½ acres of the property to her son, George V. Shaver, and none of the children or the granddaughter protested at that time that she did not have the right to make a conveyance. George contends that he bought the 67½ acres from

his mother; on the other hand, appellees maintain it was an advancement. The chancellor held it to be an advancement, and George has appealed.

The overwhelming testimony is to the effect that it was given to him as an advancement. Although the deed mentions the consideration of $1500, the circumstances show clearly that neither $1500 nor any other amount was paid. Allie Mae Johnson testified positively that the matter was discussed of her mother's giving her brother, George, a deed to 67½ acres as an advancement, so that he could make improvements on it and handle it as he wanted to; that she lived with her mother and took care of her for more than forty years; that her mother was very poor, and that they barely had the necessities of life; that her mother never had $1500 at one time in her whole life. Christine Patterson, another daughter, gave testimony to the same effect, and George's testimony to the effect that he gave his mother $1500 as consideration for the deed is not believable. In the first place, he said he paid her $1,500 in cash, while they were alone, with no one present. He says that he had been carrying the money around in his pocket for three or four months and had earned it while working in Texas. When he was questioned as to whether he had drawn the money out of the bank prior to carrying it around in his pocket for three or four months, he answered as follows: ''I'm one that saved some money when I was in Texas. Now, I ain't a going to tell you how all I done it or what I done; but I'm one of them that did do it.'' And when he was further questioned about where he had the money all that time, he answered: ''Well, I fugure it wouldn't a been any of your business or my — or anybody else's.'' Charley Simmons testified that on about the date of the deed to George, he loaned George the sum of $1,000 in cash and George told him that he wanted the money for the purpose of buying the land from his mother, but George testified that he had been carrying the money around in his pocket for three or four months before buying the land. When all the facts and circumstances of his mother's condition are considered, along with George's unsatisfactory testimony, the evidence is over-

whelming to the effect that the conveyance to George from his mother was an advancement of his part of the home place, and Ark. Stats., § 61-116 on "Advancements" is applicable.

George mentions in his appeal that he is entitled to one-third of the home place, but the deed to him from his mother conveys only one-fourth. The chancellor found, however, from the evidence that the deed to George for the 67½ acres was in lieu of any interest he might inherit in the home place. We cannot say the chancellor's decision was contrary to the preponderance of the evidence.

Affirmed on appeal and on cross appeal.